## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

BRETON LEE MORGAN, M.D.,

              Plaintiff,

v.                                   CIVIL ACTION NO. 3:09-1059

KATHLEEN SEBELIUS,
Secretary of Department of Health
and Human Services,

              Defendant.

### MEMORANDUM OPINION AND ORDER

Pending is the Defendant's Motion to Dismiss (Doc. 7) for failure to effectuate timely service. Because the Court **FINDS** it proper to exercise its discretion and extend the allowable time period for service, the motion is **DENIED.**

### Background

This matter arises from an administrative proceeding before the Department of Health and Human Services and, specifically, an appeal of the Departmental Appeals Board decision on July 31, 2009. On September 29, 2009, Plaintiff timely filed his complaint in this Court, appealing the Departmental Appeals Board decision. Service, however, was not immediately effectuated.

According to the Defendant, in late November or early December 2009, counsel for Secretary Sebelius learned of the existence of the complaint when unfiled copies arrived at federal agencies accompanied by unsigned civil cover sheets. The docket sheet indicated that the Clerk of this Court had not issued summonses. In late December of 2009 and early January of 2010 counsel for Plaintiff and Defendant corresponded regarding the failure of service. Plaintiff effectuated

service upon the United States Attorney on February 11, 2010.  Although service had not been effectuated on either the Secretary or the Attorney General at the time the instant motion was filed, it appears from the docket sheet that these entities were served on March 1, 2010 and March 3, 2010 respectively.

Plaintiff explains that the delay in service was a result of employee mis-communication at his attorney's firm.  Plaintiff's counsel explains that he instructed his legal secretary to serve the appeal upon the Defendant, but that she failed to follow these instructions and even went so far as to inform him falsely that service had been perfected.  Counsel insists that upon discovering the failure of his staff, he made efforts to properly serve the Defendant and to fully comply with Fed. R. Civ. P. 4.  Defendant replies that while the initial delay might be attributed to support staff, Plaintiff has not offered sufficient justification for delay after counsel conferred in December 2009 and January 2010.

## Analysis

Timeliness of service is governed by Fed. R. Civ. P. 4(m), which provides in part,

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

There is some uncertainty about the application of the rule in the Fourth Circuit,  particularly the limits of a the Court's discretion to extend service when good cause has not been shown to justify delayed service beyond the 120 day window.  This uncertainty stems from the Fourth Circuit Court of Appeals decision in *Mendez v. Elliot*, 45 F.3d 75 (1995), which held that "if the complaint

is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause."  Several courts, including Fourth Circuit Court of Appeals itself – in unpublished decisions – have questioned the continued validity of this holding in light of amendments to Rule 4 and a subsequent U.S. Supreme Court case. *See e.g. Vantage, Inc. v. Vantage Travel Service, Inc.*, 2009 WL 735893 at *2 (D.S.C. March 20, 2009) ("the holding in *Mendez* is arguably no longer viable"); *Cox v. Babcock & Wilcox Construction Co., Inc.,* 2009 WL 3764831 at *4 ("this Court believes that a district court has discretion to enlarge the period for effective service, even if the plaintiff has failed to show good cause"); *Lehner v. CVS Pharmacy*, 2010 WL 610755 (D.Md. Feb. 17, 2010) ("It is unclear whether a court may, in the absence of good cause, exercise it discretion to enlarge the 120 day period under Rule 4(m)."); *Giacomo-Tano v. Levine,* 1999 WL 976481 at *2 (4th Cir. Oct. 27, 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service.").

It is clear that from 1983 until 1993,the applicable rule did not allow courts to extend the time for service if the plaintiff could not show good cause.  Fed. R. Civ. P. 4(j) (1983) ("if the service of the summons and complaint is not made . . . within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause [for the delay] . . . the action shall be dismissed. . . .").  The 1993 amendments made substantive changes to the Rules, along with renumbering the Rules so that the old 4(j) is now 4(m).  *Compare id. with* Fed R. Civ. P 4(m) (1993).  The Advisory Committed noted that,

> The pre-1993 version of the rule required a showing of "good cause" why service wasn't made in time. Under the revised rule there is an ambiguity in the rule's language about whether good cause must be shown in all instances, and according to the notes the purpose appears to be to permit the time extension, or

> the excusing of late service, even when there is no
> "good cause" to explain it.

Fed. R. Civ. P. 4, Advisory Committee Note, 1993 Amendment.

While the *Mendez* decision was issued in 1995, the events relevant to the case occurred prior to the 1993 amendment. The pre-1993 rule, which did required dismissal absent a showing of good cause, was thus applicable (although the court did refer to the relevant rule as 4(m) rather than 4(j) as a matter of "convenience"). *Mendez*, 45 F.3d 77 at n. 1. Moreover, a year after the *Mendez*, decision, the U.S. Supreme Court examined the time limit under Rule 4(m). *See Henderson v. United States*, 517 U.S. 654 (1996). There the Court stated that "in the 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120 day period 'even if there is no good cause shown.'" *Id.* (citing Advisory Committee's Notes on Fed. R. Civ. P. 4). This statement is arguably dicta, but clear guidance nonetheless.

Considering that both the Rules Amendment and the U.S. Supreme Court's decision in *Henderson* went unexamined in *Mendez*, that decision by the Fourth Circuit Court of Appeals is now of limited precedential value. This Court **FINDS** that it has the discretion to extend the 120-day window for service even if a plaintiff fails to show good cause for the delay. Turning to the facts of the instant case, the Court holds that the allowable time for service should be extended to accommodate the actual service which has now been effectuated upon Defendant. It is undisputed that Defendant was aware of both the existence and the contents of the Complaint by December 15, 2009, at the latest – less than ninety days after the complaint was filed. It is clear from the record that service has been perfected. There has been no showing of prejudice on the part of the Defendant. As such, the Motion to Dismiss (Doc. 7) is hereby **DENIED**.

-4-

**Conclusion**

For the reasons explained above, the Defendant's Motion to Dismiss (Doc. 7) is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented parties.

ENTER:        March 31, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE