**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

BRETON LEE MORGAN, M.D.,

     Plaintiff,

v.            CIVIL  ACTION  NO.  3:09-1059

KATHLEEN SEBELIUS,
Secretary of Department of Health
and Human Services,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on review of the final decision of the Secretary of the

United States Department of Health and Human Services to exclude Plaintiff Breton Lee Morgan

from participating in Medicare, Medicaid and all other federally-sponsored health care programs

for a period of five years pursuant to the applicable terms of section 1128(a)(3) of the Social

Security Act ("Act"), 42 U.S.C. § 1320a-7(a)(3) (2010).   Both parties have briefed the relevant

issues, and the matter is ripe for resolution on the pleadings.  For the following reasons, the

Court **DISMISSES** Plaintiff's action.

**BACKGROUND**

Appellant Breton Lee Morgan ("Plaintiff") is a physician licensed to practice medicine in

the State of West Virginia.  On August 30, 2006, a Federal Grand Jury issued a twenty-nine

count indictment charging him with offenses relating to fraudulent actions he conducted within

the scope of his medical practice.  He subsequently entered a plea of guilty to one count of

violating 21 U.S.C. § 843(a)(3).  That provision provides in pertinent part that it is "unlawful for

any person knowingly or intentionally . . . to acquire or obtain possession of a controlled

substance by misrepresentation, fraud, forgery, deception, or subterfuge."  21 U.S.C. § 843(a)(3)

(2010).

        The underlying facts that led to Plaintiff's guilty plea are not in dispute.  Both the

indictment and plea were based upon several instances where Plaintiff obtained free samples of

hydrocodone from pharmaceutical representatives for his personal use by misleading them to

believe that the samples would be given to his patients for medical purposes.  R. at 96-97 (Pet'r's

Br. in Supp. of Appeal).  As a consequence of the plea, on March 12, 2007, Plaintiff was

sentenced to 30 days imprisonment and three months of supervised release.

        In addition to federal criminal penalties, the Inspector General (I.G.) of the Department

of Health and Human Services ("HHS") wrote a letter to Plaintiff on May 30, 2008 notifying him

that he would be excluded from participating in Medicare, Medicaid and all other federal health

care programs for a period of five years pursuant to the applicable terms of section 1128(a)(3) of

the Social Security Act ("Act"), 42 U.S.C. § 1320a-7(a)(3) (2010).[1]  This statute requires the

Secretary of HHS to make that determination with respect to "[a]ny individual or entity that has

been convicted for an offense which occurred after . . . [August 21, 1996], under Federal or State

law, in connection with the delivery of a [federally-sponsored] health care item or service" if that

_____

        [1]Section 1128(a)(3) of the Act is hereafter used interchangeably with 42 U.S.C. § 1320a-
7(a)(3).

-2-

offense consists of a "felony relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct."  42 U.S.C. § 1320a-7(a)(3) (specifying the requirements for "[m]andatory exclusion").

Plaintiff exercised his right to challenge the I.G.'s determination in a proceeding before an Administrative Law Judge ("ALJ") in the Departmental Appeals Board ("DAB") Civil Remedies Division of HHS.  *See* 42 C.F.R. § 1001.2007 (2010) (providing the bases by which an individual who is excluded from participation in federally-sponsored health care programs may seek a hearing before an ALJ).  The ALJ found that the I.G. had a sufficient basis to exclude Plaintiff under section 1128(a)(3) of the Act, and that the five-year exclusion was not unreasonable in light of applicable law.  R. at 3-4.  In so holding, the ALJ rejected all of Plaintiff's procedural and substantive arguments.  R. at 5-7.

Plaintiff appealed the ALJ's decision to the DAB Appellate Division on April 3, 2009.  Def.'s Br. Supp. J. Pleadings 6, No. 30.  In his proceeding before the Appeals Board (the "Board"), Plaintiff argued that the ALJ made several erroneous legal determinations in his reading of the statutory requirements of 42 U.S.C. § 1320a-7(a)(3).  R. at 11-12.  Most notably, Plaintiff argued that § 1320a-7(a)(3) contains a requirement that an element of financial misconduct accompany each alternative offense specified in the provision.  Plaintiff reasoned that, although he was charged with fraud under 21 U.S.C. § 843(a)(3), "his conviction was not related to 'financial misconduct' because he did not have any corrupt motive or receive any substantial pecuniary benefit" in committing the crime for which he pled guilty.  R. at 2.

The Board rejected Plaintiff's argument, finding that the I.G. had properly excluded him under § 1320a-7(a)(3) because his felony conviction consisted of "fraud" within the plain

-3-

meaning of section 1128(a)(3) of the Act.  R. at 13 (discussing 42 U.S.C. § 1320a-7(a)(3) (". . . felony relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct.")).  Moreover, it found that the phrase "other financial misconduct" does not limit the meaning of "fraud" under that section, but rather serves as a general catchall phrase that does not necessarily modify *any* of the listed offenses.  R. at 13-14.  Further, it concluded that its reading of the statute does not render the word "other" superfluous, as that word can be given meaning without placing a limit on the term "fraud."  R. at 13.  Finally, the Board reasoned that its interpretation of the relevant phrase was consistent with agency case law and the underlying statutory purposes behind section 1128(a)(3).  R. at 16-17.  The Board's decision became final on July 31, 2009.

## DISCUSSION

The sole issue Plaintiff raises in this Court is whether a physician may be excluded from participation in Medicare, Medicaid, and other federal health care programs, pursuant to 42 U.S.C. § 1320a-7(a)(3), in the absence of a felony conviction involving financial misconduct.

There are two dimensions governing our review of the final decision of the Secretary with regard to this issue.  First, the Court must uphold the factual determinations of the ALJ if they are supported by substantial evidence.  42 U.S.C. § 405(g); *see also Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (discussing § 405(g) in the context of a separate incorporating statutory provision).  The Court need not, however, blindly accept the Secretary's erroneous determinations of law.  Instead, *Chevron U.S.A., Inc. v. Natural Res. Defense Council*, 467 U.S. 837 (1984) directs the review of an agency's legal determinations.

Under the two-step inquiry in *Chevron*, reviewing courts must determine first whether

Congress has directly addressed the precise question at issue via the plain language of the statute. *Id.* at 842-44. If so, both the court and the agency must give effect to the intent of Congress. If, on the other hand, the statute is silent or ambiguous with respect to the matter at issue, the court must "defer to the agency's reasonable construction of the statute." *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 530 (4th Cir. 2005) (discussing *Chevron*, 467 U.S. at 843-44). Because the issue this Court must resolve entirely concerns a matter of statutory interpretation, the ALJ's factual findings should not be distrubed. Rather, review of the Secretary's interpretation of section 1128(a)(3) must be conducted under the contours of *Chevron*. For reasons explained below, this Court upholds the Board's decision.

I.      **Interpretation of Section 1128(a)(3) of the Act**

Section 1128(a)(3), codified at 42 U.S.C. § 1320a-7(a)(3), provides in relevant part that the Secretary *must* exclude from participation in certain federally-sponsored health care programs:

> [a]ny individual or entity that has been convicted for an offense which occurred after . . . [August 21, 1996], under Federal or State law, in connection with the delivery of a health care item or service or with respect to any act or omission in a health care program (other than those specifically described in paragraph (1)) operated by or financed in whole or in part by any Federal, State, or local government agency, *of a criminal offense consisting of a felony relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct.*

42 U.S.C. § 1320a-7(a)(3) (emphasis added). The emphasized provision is principally at issue in this appeal. Specifically, Plaintiff challenges the I.G.'s determination excluding him from participating in federally-sponsored health care programs. Plaintiff essentially reasons that the Secretary's interpretation of the latter portion of 42 U.S.C. § 1320a-7(a)(3) was in error because the phrase "other financial misconduct" modifies the preceding four alternative listed offenses of

fraud, theft, embezzlement, and breach of fiduciary responsibility–therefore mandating an independent and *additional* requirement that the felony implicating the statute include an underlying showing that the individual obtained some type of illicit pecuniary benefit in completing the crime.  In that vein, he alleges both that he was not guilty of "financial misconduct" in carrying out his offense, and that the felony for which he was convicted under 21 U.S.C. § 843(a)(3) does not contain a requirement necessitating a showing that he engaged in such misconduct.  The Court disagrees with his construction of the statute, and believes that this case can be resolved under step one of the *Chevron* analysis.

      **A.**        **Text of Section 1128(a)(3)**

"Statutory construction . . . is a holistic endeavor.  A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme. . . ."  *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 371 (1988).  In interpreting a statute, the court must begin with the plain language of the provision in question.  *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 330-31 (4th Cir. 2008).  In this case, the phrase "relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct" is sufficiently clear on a plain reading.  *See* 42 U.S.C. § 1320a-7(a)(3).

Plaintiff pled guilty to obtaining possession of a controlled substance by "fraud" under 21 U.S.C. § 843(a)(3).  This Court agrees with the Board's decision to uphold the ALJ's conclusion that Plaintiff's conviction "was the purest form of *crimen falsi*" which necessarily involves a fraudulent act "as contemplated by the first alternative term in section 1128(a)(3)[]."  R. at 13. Section 1128(a)(3) is clear that the Secretary must exclude individuals convicted of certain criminal offenses relating to "fraud" in connection with the delivery of federally-sponsored

-6-

health care benefits.  *See* 42 U.S.C. § 1320a-7(a)(3).  Plaintiff was convicted of such an offense, and his exclusion was thus proper under that provision.

But, as discussed, Plaintiff does not believe the issue to end here.  He contends that, while section 1128(a)(3) does identify felonies relating to fraud as triggering offenses, the term "or other financial misconduct" at the end of the series modifies all of the antecedent terms listed–including fraud.  Consequently, he urges this Court to reverse the Board's decision because his crime did not involve financial misconduct, or facts indicating a motive to obtain a substantial or illicit pecuniary gain.

Generally speaking, use of the disjunctive "or" implies that only one of the requirements in a series needs to be satisfied.  *See United States v. Erdos*, 474 F.2d 157, 160 (4th Cir. 1973) (reading two phrases in a statutory provision set off by a comma and the word "or" as separate and independent); *United States v. Snider*, 502 F.2d 645, 650-51 (4th Cir. 1974) (discussing appellant's alternative argument that the phrase "false or fraudulent," despite being written in the disjunctive, should be read as "false *and* fraudulent"); *United States v. O'Driscoll*, 761 F.2d 589, 597-98 (10th Cir. 1985) ("When the term 'or' is used, it is presumed to be used in the *disjunctive* sense unless the legislative intent is clearly contrary" (emphasis in original)).  Here, the phrase "other financial misconduct" does not, as Plaintiff suggests, modify the preceding offenses. Rather, this Court reads it to be an independent catchall phrase creating five separate and independent categories of offenses implicating the Secretary's mandatory exclusion responsibilities under section 1128(a)(3).

Plaintiff cites authority supporting the proposition that where a modifier is set off from a series of antecedents by a comma, the modifier should be read to apply to *each* of the items in

that series.[2]  *See, e.g.*, *Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.*, 186 F.3d 210, 215 (2d Cir. 1999) ("Kahn Lucas") (stating that "[w]hen a modifier is set off from a series of antecedents by a comma, the modifier should be read to apply to each of those antecedents.").  In considering this argument, it must be remembered that a "plain-meaning analysis based only on punctuation is necessarily incomplete and runs the risk of distorting a statute's true meaning."  *U.S. Nat'l Bank v. Indep. Ins. Agents of Am.*, 508 U.S. 439, 454 (1993).  In that light, Plaintiff's position is not persuasive.    The cases Plaintiff brings to this Court's attention deal with statutory phrases or terms which *purport* to modify antecedents.  For example, in *Kahn Lucas*, the Second Circuit applied this grammatical rule in construing a provision of the New York Convention.  *Id.* at 214-17 (citing the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), Jun. 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3, *codified at* 9 U.S.C. §§ 201-08).  The *Kahn Lucas* Court construed the provision "an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in a series of letters or telegrams" to mean that both "an arbitral clause in a contract" and "an arbitration agreement" must be "signed by the parties or contained in a series of letters or telegrams."  *Id.* at 217.  That is, the latter phrase was read to modify both elements in the preceding series.  *Id.*  The statutory provision at issue here–unlike the phrase in *Kahn Lucas*–purports only to specify a residual basis for the Secretary to exclude individuals from participation in federally-sponsored health care programs

_____

[2]A large portion of Plaintiff's Brief in Support of the Complaint frames this argument as an exception to the rule of the last antecedent because of Plaintiff's anticipation that the Secretary would raise that issue in this Court.  The rule of the last antecedent is the general principle that a limiting clause or phrase should be read as modifying only the noun or phrase that it immediately follows.  *See United States v. Hayes*, 129 S. Ct. 1079, 1086 (2009) (suggesting that  the rule of the last antecedent, while informative in statutory construction, is not absolute).  However, the Board dismissed the notion that the rule applies in this case, and the Secretary has not raised it in her brief.

under section 1128(a)(3).  This Court need not add ambiguity to the statute by reading the phrase "or other financial misconduct" to modify *all* of the antecedent offenses in the section.  Indeed, to do so, as the Board aptly noted, would require us to alter the plain or otherwise commonly accepted meanings of the terms "fraud" and "breach of fiduciary responsibility."  While offenses related to those two terms traditionally involve pecuniary misconduct, it is not necessary that they always must.

Finally, in further support of his argument, Plaintiff points to various Board decisions in which other similarly situated petitioners had underlying convictions that were based upon facts indicating the realization of illicit pecuniary gains in crimes associated with the delivery of federally-sponsored health care benefits.  Plaintiff claims that these cases demonstrate that the underlying felony convictions under section 1128(a)(3) require a showing of financial misconduct.  However, the mere fact that the convictions in those cases were based upon facts indicating that the petitioners had engaged in acts of financial misconduct does not somehow mean that the Board has affixed that independent requirement to the statute in every instance.  Thus, these cases are not instructive.

In sum, the Court finds that a plain reading of section 1128(a)(3), 42 U.S.C. § 1320a-7(a)(3) compels a conclusion that there is no independent requirement that the triggering offense under that provision be one for which a showing of "financial misconduct" is required.  This interpretation does not, as Plaintiff stresses, render the word "other" superfluous because that word is to be read as part of the catchall phrase at the end of section 1128(a)(3). Accordingly, the Secretary's interpretation is supported by a plain reading of the statute, and this Court upholds it under step one of the *Chevron* analysis.

**B.      Resolving Ambiguity**

It must be noted that in its opinion the Board did attempt to explain the types of crimes

to which the phrase "other financial misconduct" refers.  Namely, it concluded that the phrase

could be reasonably understood to refer to crimes similar to "embezzlement" and "theft," which

are financial in nature.  However, the Court's Opinion does not attempt to resolve this question

of statutory construction.  It resolves only the issue of whether that phrase somehow modifies the

antecedent offenses already specified in section 1128(a)(3).  Because the Court concludes in Part

I.A that the applicable provision, read in context, is not ambiguous under step one of

*Chevron*–and because Plaintiff's conviction falls squarely under the first named offense–this

Opinion need not address the types of felonies to which "other financial misconduct" may refer.

**II.      Examination of the Policy and Purposes Behind Section 1128(a)(3)**

Our reading of section 1128(a)(3) is consistent with the policy and statutory purposes

behind the provision.  In enacting the current version of section 1128(a)(3), Congress felt that

"greater deterrence was was needed to protect the Medicare program from providers who have

been convicted of health care fraud felonies and felonies relating to controlled substances."  H.R.

Rep. No. 496, pt. 1, at 211 (1996), *reprinted in* 1996 U.S.C.C.A.N. 1865, 1886.  Another court

has concluded that the "legislative history [associated with section 1128(a)(3)], taken as a whole,

demonstrates that the primary goal of the legislation is to . . . protect the public."  *Manocchio v.*

*Kusserow*, 961 F.2d 1539, 1541-42 (11th Cir. 1992) (ascertaining whether 42 U.S.C. § 1320a-7

is punitive or remedial in nature (citing S. Rep. No. 109, at 2 (1987), *reprinted in* 1987

U.S.C.C.A.N. 682, 686)).

From a review of the legislative history of section 1128(a)(3), this Court agrees with the

Secretary that Congress intended the exclusion remedies under section 1128(a)(3) to protect not only federal health care programs from fraud and abuse, but also to protect beneficiaries and recipients of the benefits of those programs.  Plaintiff's reading of the statute would limit the deterrent effect intended by Congress.  By including a "financial misconduct" requirement for triggering felonies consisting of fraud, patients of federal health care program participants would not receive the protection from conduct similar to that which Plaintiff engaged in.  Instead, there would need to be an additional showing that the participant gained, or intended to gain, some illicit pecuniary benefit.  In this case, Plaintiff's conviction was based on the fact that he kept free samples of hydrocodone for his own personal use, rather than giving those samples to patients who could have used them for medical purposes.  By fraudulently misleading pharmaceutical representatives, he acted to the detriment of those under his care.

Thus, Plaintiff's actions are congruent with the precise conduct Congress intended to deter under section 1128(a)(3).

## CONCLUSION

For the stated reasons, the Court concludes that the Final Decision of the Secretary is supported by substantial evidence and is in accordance with the appropriate legal standards. Accordingly, we **DISMISS** Plaintiff's action.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        September 15, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE